**Hand-Delivered**

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

_____ Division

FILED
CHARLOTTE, NC

FEB 1 1 2022

US DISTRICT COURT
WESTERN DISTRICT OF NC

*April Brown*
_____
**Plaintiff(s)**
*(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)*

-v-

*County of Mecklenburg
and
Mecklenburg County
Department of Social Services*
_____
**Defendant(s)**
*(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names.)*

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. *3:22-cv-59-MOC*
*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)* ☑Yes ☐No

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

I. **The Parties to This Complaint**

A. **The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name *April R. Brown*
Street Address *702 Mountain Quail Drive*
City and County *Charlotte Mecklenburg*
State and Zip Code *NC 28216*
Telephone Number *(980)310-4535*
E-mail Address *aprilrmarshall.ab@gmail.com*

B. **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Page 1 of 6

Defendant No. 1

Name *County of Mecklenburg*

Job or Title *(if known)* *Charlotte Mecklenburg Government Center*

Street Address *600 East 4th Street*

City and County *Charlotte Mecklenburg County*

State and Zip Code *NC 28202*

Telephone Number *(704) 336-7600*

E-mail Address *(if known)*

Defendant No. 2

Name *Mecklenburg County Department of Social Services*

Job or Title *(if known)* *Charlotte Mecklenburg Government Center*

Street Address *600 East 4th Street*

City and County *Charlotte Mecklenburg County*

State and Zip Code *NC 28202*

Telephone Number *(704) 336-7600*

E-mail Address *(if known)*

Defendant No. 3

Name

Job or Title *(if known)*

Street Address

City and County

State and Zip Code

Telephone Number

E-mail Address *(if known)*

Defendant No. 4

Name

Job or Title *(if known)*

Street Address

City and County

State and Zip Code

Telephone Number

E-mail Address *(if known)*

**C.**     **Place of Employment**

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | *Mecklenburg County Department of Social Services* |
| Street Address | *301 Billingsley Road* |
| City and County | *Charlotte Mecklenburg County* |
| State and Zip Code | *NC 28211* |
| Telephone Number | *(704) 336-3000* |

## II.     Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☐     Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐     Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☑     Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐     Other federal law *(specify the federal law)*:

_____

☐     Relevant state law *(specify, if known)*:

_____

☐     Relevant city or county law *(specify, if known)*:

_____

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- [ ] Failure to hire me.
- [x] Termination of my employment.
- [ ] Failure to promote me.
- [x] Failure to accommodate my disability.
- [ ] Unequal terms and conditions of my employment.
- [x] Retaliation.
- [ ] Other acts *(specify)*: _____

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B. It is my best recollection that the alleged discriminatory acts occurred on date(s)

7/20/20   6/25/21

C. I believe that defendant(s) *(check one)*:

- [x] is/are still committing these acts against me.
- [ ] is/are not still committing these acts against me.

D. Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

- [ ] race _____
- [ ] color _____
- [ ] gender/sex _____
- [ ] religion _____
- [ ] national origin _____
- [ ] age *(year of birth)* _____ *(only when asserting a claim of age discrimination.)*
- [x] disability or perceived disability *(specify disability)*

Suffered a stroke which left me without use of left extremities and unable to lift carry type with my hand

E. The facts of my case are as follows. Attach additional pages if needed.

My employer failed to accomodate my disability. I'm a person with a disability that was qualified to perform my duties as a Human Services Specialist I. I was refused accomodations and suffered damages. The employer terminated me during the EEOC investigation

*Refiling ADA claim with proper service; previously dismissed without prejudice. referenced case file: 3:21-cv-491*

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV. Exhaustion of Federal Administrative Remedies

A. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

10/20/20 and 10/7/21

B. The Equal Employment Opportunity Commission *(check one)*:

☐ has not issued a Notice of Right to Sue letter.

☑ issued a Notice of Right to Sue letter, which I received on *(date)* 6/30/21 and 10/03/21

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C. Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐ 60 days or more have elapsed.

☐ less than 60 days have elapsed.

## V. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

I'm claiming loss of earnings to include payraises/cost of living increase
- Medical bills
- Cost of future medical care
- Household expenses due to not being able to care for my house in regards to cleaning/maintenance as I was unable to do so nor make repairs
- Costs of canceled wedding and altered plans
- Pain and suffering (mental and emotional anguish, PTSD, humiliation)

Page 5 of 6

Loss of earnings (includes raises/cost of living adjustments) loss of pension
Salary x years to retirement age $38,000 x 29 = 1,102,000.00
Pain and Suffering : 1,102,000.00 x 2 = $2,204,000.00
Punitive Damages : $2,204,000.00 x 2 = $4,408,000.00

## VI.   Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.        For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:        2/11/22

Signature of Plaintiff
Printed Name of Plaintiff       April Brown

### B.        For Attorneys

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Street Address
State and Zip Code
Telephone Number
E-mail Address

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CASE NO.** 3:22-cv-59-MOC

| | |
|---|---|
| APRIL BROWN,                     ) | |
|                               ) | |
|           Plaintiff,         ) | |
|                               ) | |
|      v.                        ) | **COMPLAINT** |
|                               ) | |
| COUNTY OF MECKLENBURG and  ) | |
| MECKLENBURG COUNTY        ) | |
| DEPARTMENT OF SOCIAL SERVICES, ) | |
|                               ) | |
|          Defendants.      ) | |

Plaintiff April Brown, appearing *pro se*, and for her Complaint against Defendant County of Mecklenburg, alleges as follows:

## THE PARTIES

1.    Plaintiff April Brown is a citizen of the State of North Carolina and maintains her regular residence or domicile in the County of Mecklenburg, North Carolina.

2.    Defendant County of Mecklenburg is a county organized under the laws of the State of North Carolina and maintains its principal place of business in the County of Mecklenburg, North Carolina.

3.    Defendant Mecklenburg County Department of Social Services is a subdivision or department of the County of Mecklenburg and maintains its principal place of business in the County of Mecklenburg, North Carolina.

## JURISDICTION AND VENUE

4.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the federal Americans with Disabilities Act.

1

5.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because both Plaintiff and Defendants reside within this judicial district and the events giving rise to Plaintiff's causes of action occurred within this judicial district.

## FACTUAL BACKGROUND

6.     Plaintiff April Brown was employed by the Mecklenburg County Department of Social Services as a Human Service Specialist from August 2018 until her termination effective June 25, 2021.  At all times relevant to this Complaint, Brown was qualified and capable of performing the essential functions of her job with reasonable accommodations.

7.     Brown suffers from hypertension and stress-induced seizure activity that affects her regular life functions of thinking, working, walking, lifting and performing tasks with her hands.

8.     On June 24, 2020, Brown suffered a significant seizure that doctors initially believed was a stroke.  The seizure left Brown with a lack of mobility on the left side of her body, including her leg, arm and hand.  After taking medical leave to obtain initial treatment for her condition, Brown was released to return to work with appropriate medical restrictions and reasonable accommodations on July 20, 2020.

9.     While on medical leave, Brown's health care providers communicated with Jalisa Bristol, a Human Resources Representative employed by Mecklenburg County, in reference to Brown's medical restrictions and her essential job functions.  Despite multiple requests by Brown's healthcare providers, neither Ms. Bristol nor any other person acting on behalf of Defendants provided a copy of Brown's job description.

10.     Brown requested that Defendants accommodate her disability by providing a voice dictation application to assist her with typing.

2

11. On behalf of Defendants, Bristol declined to provide voice dictation software or a voice dictation application. Instead, Bristol proposed several purported work-arounds for Brown's disability, none of which fully complied with Brown's medical restrictions.

12. When Brown attempted to return to work on July 20, 2020, she was forced to take "unpaid leave" until such time as she could type without assistance or voice dictation software. Although Brown offered to be transferred temporarily into a different position that did not require typing, she was told that Mecklenburg County did not have any such positions available. Bristol further told Brown that it was "not [the County's] responsibility" to comply with the Americans with Disabilities Act.

13. Brown attempted to clock into work each day at her appointed start time, and each time her attempts failed. Instead, she was forced to exhaust all paid leave and to then take leave without pay, causing undue financial hardship that exacerbated her medical condition.

14. Brown was also deprived of employee benefits during the period of "unpaid leave," and was informed that her benefits would not resume until she could return to work with no medical restrictions.

15. Brown timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission on October 20, 2020, alleging that she had been discriminated against because of her disability in violation of the Americans with Disabilities Act ("ADA"), as amended.

16. EEOC requested and received a Position Statement from Defendants on February 11, 2021. EEOC conducted various interviews and other investigatory actions in April and May of 2021.

17. On June 25, 2021, Brown received a letter from the Defendants stating that her employment was terminated effective June 24, 2021. The sole reason she was given was the

3

purported "exhaustion" of her unpaid leave status. Notably, the County did not give her credit for the period during which she used accrued vacation and sick time when applying its "exhaustion" policy.

18.     Upon information and belief, the real reason for Brown's termination in advance of the true exhaustion of her leave was that she had filed an EEOC Charge, and EEOC was actively investigating that Charge at the time of the termination.

19.     On June 30, 2021, Brown received a Right to Sue letter with respect to her initial EEOC Charge.

20.     Brown timely filed a second Charge of Discrimination with EEOC alleging Retaliation in violation of the ADA with respect to her termination on October 7, 2021 (the "Retaliation Charge").

21.     EEOC issued a Right to Sue Letter to Brown with respect to her Retaliation Charge on October 13, 2021.

22.     Brown has suffered damages as a result of the acts and omissions of Defendants, including loss of wages, lost benefits, emotional distress, and collateral adverse financial consequences, all in an amount to be proven at trial.

## CAUSES OF ACTION

## COUNT I – ADA FAILURE TO ACCOMMODATE

23.     Brown repeats and realleges Paragraphs 1 through 22 above.

24.     Brown was at all relevant times a qualified individual with a disability as defined by the Americans with Disabilities Act.

25.     Defendants were aware of Brown's disability.

4

26.     Defendants failed to reasonably accommodate Brown's disability as required by the Americans with Disabilities Act.

27.     Brown suffered damages as a result of Defendants' violation of statute.

## COUNT II – DISCRIMINATION IN VIOLATION OF ADA

28.     Brown repeats and realleges Paragraphs 1 through 22 above.

29.     Defendants are subject to the Americans with Disabilities Act.

30.     Brown suffers from a disability as defined by the Americans with Disabilities Act and has a record of impairment.

31.     At all relevant times, Brown was capable of performing the essential functions of her job with a reasonable accommodation.

32.     Defendants took adverse action against Brown because of her disability when they involuntarily placed her on "unpaid leave" status, refused to allow her to clock in at work, and did not pay her during her employment.

33.     Brown suffered damages as a result of Defendants' acts or omissions in violation of the Americans with Disabilities Act.

## COUNT III – RETALIATION

34.     Brown repeats and realleges Paragraphs 1 through 22 above.

35.     Brown engaged in Protected Activity within the meaning of the Americans with Disabilities Act when she filed her first Charge of Discrimination with EEOC on October 25, 2020.

36.     Defendants knew of Brown's Protected Activity no later than February 11, 2021, when Defendants submitted a Position Statement in opposition to Brown's Charge to EEOC.

37.     The termination of Brown's employment was a materially adverse action.

38.     Brown was terminated because of her protected activity.

39.     Brown has suffered damages as a result of Defendants' actions.

WHEREFORE, Plaintiff April Brown respectfully requests that the Court enter judgment in her favor and against Defendants County of Mecklenburg and Mecklenburg County Department of Social Services, and award Plaintiff April Brown the following relief:

A.      Back pay for lost wages and benefits accrued through the time of trial;

B.      Reinstatement and/or front pay in an amount to be determined at trial;

C.      Compensatory damages; and

D.      Tax all costs of this action against Defendants.

Date: _February 11_, 2022

April Brown
*Pro Se* Plaintiff

6

April R. Brown
**703 Mountain Quail Drive**
**Charlotte, NC 28216**

Charlotte District Office
**129 W. Trade Street**
**Suite 400**
**Charlotte, NC 28202**

|  | *On behalf of person(s) aggrieved whose identity is*<br>*CONFIDENTIAL (29 CFR §1601.7(a))* |
|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **14B-2020-00048** | **Rebecca A. Conway,**<br>**Investigator** | **(980) 296-1271** |

## THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

| | |
|---|---|
| [ ] | The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC. |
| [ ] | Your allegations did not involve a disability as defined by the Americans With Disabilities Act. |
| [ ] | The Respondent employs less than the required number of employees or is not otherwise covered by the statutes. |
| [ ] | Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge |
| [X] | The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge. |
| [ ] | The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge. |
| [ ] | Other *(briefly state)* |

## - NOTICE OF SUIT RIGHTS -
### *(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed <u>WITHIN 90 DAYS</u>** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Rebecca Conway*

Digitally signed by REBECCA CONWAY
Reason: I am approving this document
Date: 2021.06.30 12:16:30 -04'00'

6/30/2021

Enclosures(s)

*For* **Thomas M. Colclough,**
**District Director**

*(Date Issued)*

cc:
**Lisa Burns**
**Sr. HR Manager**
**Mecklenburg County Government**
**3205 Freedom Drive**
**Suite 5000**
**Charlotte, NC 28208**

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [X] FEPA | 20-CRD-0048 |
| | [X] EEOC | 14B-2020-00048 |

| NC Office Of Administrative Hearings | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| Ms. April R. Brown | (704) 281-8442 | 1979 |

Street Address                                  City, State and ZIP Code

703 Mountain Quail Drive, Charlotte, NC 28216

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| MECKLENBURG COUNTY DEPARTMENT OF SOCIAL SERVICES | 201 - 500 | (704) 336-3000 |

Street Address                                  City, State and ZIP Code

301 Billingsly Road, Charlotte, NC 28211

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

Street Address                                  City, State and ZIP Code

---

| DISCRIMINATION BASED ON *(Check appropriate box(es).)* | DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|---|
| | Earliest | Latest |
| [ ] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN | 06-24-2020 | 06-24-2020 |
| [ ] RETALIATION  [ ] AGE  [X] DISABILITY  [ ] GENETIC INFORMATION | | |
| [ ] OTHER *(Specify)* | [X] CONTINUING ACTION | |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I.  I have been employed with the Mecklenburg County Department of Social Services as a Human Service Specialist since August of 2018.

II. On June 24, 2020, I was diagnosed with a medical condition that resulted in the lack of mobility on the left side of my body including my leg, arm, and hand. After consulting with my medical team, I was released to return to work with appropriate restrictions and reasonable accommodations on July 20, 2020.

While I was on leave, my health care providers communicated with Jalisa Bristol, HR Representative, in reference to my restrictions based on my job functions; but she failed to provide my job description as reflected on the FLMA paperwork. It was decided by Ms. Bristol I should type with my right hand even though; my restrictions clearly stated no typing. That

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the above is true and correct. | SIGNATURE OF COMPLAINANT |
| 10/19/20 _____ | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |
| Date        Charging Party Signature | |

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [X] FEPA | 20-CRD-0048 |
| | [X] EEOC | 14B-2020-00048 |

NC Office Of Administrative Hearings                                    and EEOC

*State or local Agency, if any*

assessment led to an in-depth exploration of options for reasonable accommodations which have still not been determined or implemented as of this point. When I returned to work on July 20, 2020, I was forced into an "unpaid leave" status and penalized for my disability because there were not any reasonable accommodations available. I was informed that it was not their responsibility to comply with the ADA or the Section 508 provision of the federal law.

Based on the expected reasonable accommodations that were not yet in place each day I attempted to clock into work as directed by my HR Representative, Justin Lee and Jalisa Bristol, my attempts failed. This resulted in exhausting all of leave and caused undue financial hardship and exacerbated my medical condition. As a result of the Respondent not complying with my medical restrictions, I have been placed on Administrative Leave without pay with no benefits until I have fully recovered and can return to work with no restrictions.

III. I believe that I have been discriminated against because of my disability in violation of The Americans with Disabilities Act, as amended.

**RECEIVED**
*By Erika Vause at 7:37 am, Oct 20, 2020*

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| 10/19/20 | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |
| Date          Charging Party Signature | |

EEOC Form 161 (11/2020)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: **April Brown**
**703 Mountain Quail Drive**
**Charlotte, NC 28216**

From: **Charlotte District Office**
**129 W. Trade Street**
**Suite 400**
**Charlotte, NC 28202**

| | |
|---|---|
| ☐ | *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))* |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **430-2021-01924** | **Patrick Scoggins,** Investigator Support Asst | **(980) 296-1288** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

CHRISTINE SMITH
Digitally signed by CHRISTINE SMITH
Date: 2021.10.13 09:50:03 -04'00'

FOR

**Thomas M. Colclough,**
**District Director**

13-OCTOBER-2021
*(Date Issued)*

Enclosures(s)

cc: **Leila Jabbar, Employee Relations/EEO Consultant**
**MECKLENBURG COUNTY COURTS**
**901 Corporate Center Dr**
**Raleigh, NC 27607**

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | **430-2021-01924** |

_____ and EEOC

*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone | Year of Birth |
|---|---|---|
| **MS. APRIL BROWN** | **980-209-9632** | |

| Street Address | City, State and ZIP Code |
|---|---|
| **703 MOUNTAIN QUAIL DRIVE, CHARLOTTE,NC 28216** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| **MECKLENBURG COUNTY** | **501+** | |

| Street Address | City, State and ZIP Code |
|---|---|
| **700 E 4TH ST, CHARLOTTE, NC 28202** | |

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

**DISCRIMINATION BASED ON** *(Check appropriate box(es).)*

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

| DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|
| Earliest | Latest |
| **06-24-2020** | **06-25-2021** |

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

**I was hired by the above-named employer on or about August 2018, as Human Services Specialist 1. I am a person with a medical condition that substantially limits one or more major life activities. I notified my employer of my medical condition. I was diagnosed with this condition June 24, 2020. Since then, my doctors and myself have requested reasonable accommodations that have all been denied. Respondent chose not to engage in the interactive process. Due to this, I filed a previous EEOC charge. Because of this, I was terminated in retaliation.**

**On June 25, 2021, Respondent terminated my employment. There were numerous jobs I could have done even with my medical restrictions, but Respondent wouldnt accommodate me, nor did they try. Respondent stated I exhausted all my leave, but I wasnt set to return to work per doctors orders until July 20, 2021. I submitted documentation for this many times to Human Resources.**

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| **Digitally signed by April Brown on 10-07-2021 03:31 PM EDT** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | **430-2021-01924** |
| | and EEOC |

*State or local Agency, if any*

**I believe that I was subjected to retaliation and discriminated against because of my disability, in violation of the Americans with Disabilities Act of 1990, as amended.**

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| **Digitally signed by April Brown on 10-07-2021 03:31 PM EDT** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (*month, day, year*) |

# TOLLING AGREEMENT

This Tolling Agreement ("Agreement") is entered into by and between April Brown (herein "Ms. Brown"), and Mecklenburg County (collectively, the "Parties"), by and through their respective, undersigned counsel, as follows:

**WHEREAS**, a dispute has arisen between the Parties with regard to Ms. Brown's employment with Mecklenburg County; and

**WHEREAS**, the Parties desire to enter into this Tolling Agreement to toll the running of any statute of limitations, statute of repose, or contractual or equitable limitations provision as set forth herein;

**NOW, THEREFORE**, in consideration of the mutual covenants and promises as set forth in this Agreement and for other good and valuable consideration, the receipt and sufficiency of which is hereby expressly acknowledged, the Parties covenant and agree as follows:

1.     Effective from the date that this Agreement is executed by Mecklenburg County through and up to and including February 10, 2022, the running of any limitations or time periods within which Ms. Brown is or was required by applicable law (whether a statute of limitations, statute of repose, or contractual or equitable limitations provision) to bring, file, commence, continue, pursue or otherwise assert any and all legal actions, administrative claims, lawsuits, arbitrations, grievances, or formal claims or demands that she either has or may have against the County of Mecklenburg resulting from her employment or separation of employment as of this date is hereby tolled. Notwithstanding above, this Agreement can be voided and/or cancelled by either Party, pursuant to the procedure as set forth in Paragraph No. 6 below.

2.     In consideration of this Tolling Agreement, and except as where inconsistent with applicable law, Ms. Brown expressly agrees to forebear commencing any legal claim against

1

Mecklenburg County during the time period during which this Agreement is in effect.

3.      Neither party shall put forward, or rely upon, the period of time while this Agreement is in effect as a bar or laches or for any other time-based argument or time-based defense to defeat or reduce Ms. Brown's claims. This paragraph does not apply to claims made to enforce this Agreement.

4.      The Parties may extend the foregoing tolling period by executing a written extension on or before February 10, 2022.

5.      At the expiration of this Agreement as provided for in Paragraphs No. 1 above or Paragraph No. 6 below, or after any extension as provided for in Paragraph No. 4 above, the Parties shall have all of the same rights, remedies, defenses, interests, duties, obligations, liabilities, and other responsibilities that they had as of the effective date of this Agreement.

6.      Either Party has the right to void and/or cancel this Agreement by providing written notice to the other Party. For purposes of this Agreement, "written notice" shall be written correspondence that is sent via e-mail and regular mail to counsel for the other Party. The voiding and/or canceling of this Agreement shall occur 10 days ("Effective Voiding Date") subsequent to the issuance of the written notice. In addition, and prior to the Effective Voiding Date, counsel for the cancelling and/or voiding Party agrees that he/she will speak via telephone with counsel for the other Party in order to confirm his or her intent to void and/or cancel this Agreement.

7.      This Agreement neither constitutes nor shall be construed as an admission of any fact or liability by any Party regarding the matters stated herein but shall only serve to preserve the status quo of all matters referred to in this Agreement as of the effective date.

8.      The Parties hereto and their respective officers, directors, employees, agents, servants, successors, heirs, and assigns, as applicable, shall be entitled to rely upon the covenants and agreements set forth herein. Furthermore, the terms and conditions of this Agreement shall be

2

binding upon and inure to the benefit of the undersigned Parties, their officers, directors, employees, agents, servants, successors, heirs, and assigns.

9.    This Agreement contains the entire agreement of the Parties with respect to the matters addressed herein and may not be changed or amended except by subsequent written agreement by the undersigned Parties or on the terms set forth herein.

10.    Whenever possible, each provision of this Agreement shall be interpreted in a manner so as to be effective and valid under the applicable law; but if any provision of this Agreement is subsequently prohibited or invalidated, such prohibition or invalidation shall not affect the remaining provisions of this Agreement.

11.    The undersigned counsel represent that they have the authority to bind their respective clients to this Agreement.

**-SIGNATURE PAGE TO FOLLOW-**

3

THE UNDERSIGNED, HAVING CAREFULLY READ THE CONTENTS OF THE FOREGOING TOLLING AGREEMENT, AGREE UNCONDITIONALLY TO THE TERMS AND CONDITIONS SET FORTH HEREIN.

**For April Brown:**

Jan 10, 2022
_____
Dated:

*Katie Abernethy*
Katie Abernethy (Jan 10, 2022 16:40 EST)
_____
Kathryn F. Abernethy, Esq.
The Noble Law Firm, PLLC.
*Attorneys for April Brown*

**For Mecklenburg County:**

Jan 10, 2022
_____
Dated:

*Richard Rainey*
Richard Rainey (Jan 10, 2022 17:33 EST)
_____
Richard L. Rainey, Esq.
Womble, Bond, Dickinson (US), LLP
*Attorneys for Mecklenburg County*

4

# Proposed Tolling Agreement | Brown v. Mecklenburg County

Final Audit Report                                                    2022-01-10

| | |
|---|---|
| Created: | 2022-01-10 |
| By: | Paralegals at The Noble Law (paras@thenoblelaw.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAyFIkwiYZHxm1ddovdSy6CyGJ8dhfbbfl |

## "Proposed Tolling Agreement | Brown v. Mecklenburg County" History

🗏 Document created by Paralegals at The Noble Law (paras@thenoblelaw.com)
   2022-01-10 - 9:36:55 PM GMT

✉ Document emailed to Richard Rainey (richard.rainey@wbd-us.com) for signature
   2022-01-10 - 9:38:17 PM GMT

✉ Document emailed to Katie Abernethy (kabernethy@thenoblelaw.com) for signature
   2022-01-10 - 9:38:17 PM GMT

🗏 Email viewed by Katie Abernethy (kabernethy@thenoblelaw.com)
   2022-01-10 - 9:39:51 PM GMT

✏ Document e-signed by Katie Abernethy (kabernethy@thenoblelaw.com)
   Signature Date: 2022-01-10 - 9:40:12 PM GMT - Time Source: server

🗏 Email viewed by Richard Rainey (richard.rainey@wbd-us.com)
   2022-01-10 - 9:45:37 PM GMT

✏ Document e-signed by Richard Rainey (richard.rainey@wbd-us.com)
   Signature Date: 2022-01-10 - 10:33:28 PM GMT - Time Source: server

✔ Agreement completed.
   2022-01-10 - 10:33:28 PM GMT

**Adobe Sign**