UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:22-cv-59-MOC-DCK

| | |
|---|---|
| **APRIL BROWN,** ) | |
| ) | |
| Plaintiff, pro se, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| **COUNTY OF MECKLENBURG and** ) | |
| **MECKLENBURG COUNTY** ) | |
| **DEPARTMENT OF SOCIAL SERVICES** ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on Defendants' Motion to Dismiss the Complaint. (Doc. No. 5). Upon careful consideration of the arguments submitted by the parties, Defendants' Motion is **GRANTED** and this matter is **DISMISSED**.

## I. BACKGROUND

Plaintiff April Brown was employed by Defendant Mecklenburg County (the "County") in its Department of Social Services. On October 19, 2020, Plaintiff filed a Charge of Discrimination with the North Carolina Office of Administrative Hearings, alleging that the County failed to accommodate her disability. As a result, she alleges, she exhausted her leave and was "forced into an 'unpaid leave' status and penalized for disability." (Doc. No. 1 at 14–15). She alleges that this amounted to illegal discrimination.

The Charge of Discrimination was then transferred the Equal Employment Opportunity Commission ("EEOC"), which issued a right to use letter on June 30, 2021. (Id. at 13). Plaintiff, proceeding pro se, then filed a complaint on September 17, 2021. This Court dismissed that complaint without prejudice on December 7, 2021. See Brown v. Burns, No. 3:21-cv-491-MOC,

2021 WL 5815828 (W.D.N.C. Dec. 7, 2021). Plaintiff later retained counsel, and then entered into a tolling agreement with the County on January 10, 2022. (Doc. No. 1 at 19–23). That agreement expired on February 10, 2022.

Plaintiff then filed a second complaint (the "Complaint"), again pro se, on February 11, 2022, which gave rise to this lawsuit. (See id.). In the Complaint, Plaintiff renewed her arguments that the County failed to accommodate her disability and discriminated against her by placing her on unpaid leave status. (Id. at 26, 32). In addition, Plaintiff added a claim of retaliation to the Complaint that she was terminated in retaliation for complaining of discrimination. (Id. at 17–18). The County argues that it terminated Plaintiff "pursuant to its policy that an employee who does not return to work within 52 consecutive weeks of extended leave may be terminated." (Doc. No. 6 at 3).

## II. STANDARD OF REVIEW

In reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must accept as true all of the factual allegations in the Complaint and draw all reasonable inferences in the light most favorable to the plaintiff. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007). However, to survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level," with the complaint having "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555). A complaint may survive a motion to dismiss only if it "states a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of

misconduct" based upon "its judicial experience and common sense." Id. at 679 (citations omitted).

Where a plaintiff is proceeding pro se, as here, the court must construe the complaint liberally. Brown v. Charlotte Rentals LLC, No. 3:15-cv-0043-FDW-DCK, 2015 WL 4557368, at *2 (W.D.N.C. July 28, 2015) (citing Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978)). At the same time, however, the Court should not "assume the role of advocate for the pro se plaintiff." Gordon, 574 F.2d at 1151 (quotation omitted). While the Court may construe Plaintiffs' complaint liberally, the complaint must still allege "'facts sufficient to state all the elements of [their] claim'" to survive a motion to dismiss. Williams v. Wal-Mart Stores East, L.P., No. 5:18-CV-33-BO, 2018 WL 3341181, at *2 (E.D.N.C. July 6, 2018) (quoting Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003)).

### III. DISCUSSION

The Court will dismiss Plaintiff's complaint because her claims are untimely and she fails to raise a retaliation claim. In addition, Plaintiff's claims against the Mecklenburg County Department of Social Services must be dismissed because, unlike Mecklenburg County itself, the Department is not a legal entity capable of being sued.

*a. Plaintiff's Claim is Untimely*

Under Title VII, claimants who receive a right to sue letter must file a civil action within 90 days of receiving such letter. 42 U.S.C. § 2000e–5(f)(1); see also Angles v. Dollar Tree Stores, Inc., 494 F. App'x 326, 328 (4th Cir. 2012). The EEOC issued a right to sue letter in this case on June 30, 2021. (Doc. No. 1 at 13). Plaintiff filed this action on February 11, 2022, significantly more than 90 days after the issuance of the right to sue letter. Therefore, as the County argues, Plaintiff's claim is barred by the statute of limitations. (Doc. No. 6 at 4–5).

Plaintiff argues, in "[r]esponse to Defendant[']s point" of the "failure to accommodate claim being untimely," that the "Court previously dismissed ADA claim without prejudice with

no deadline given to refile." (Doc. No. 9 at 1). This is correct, but the Court's failure to issue a deadline does not disturb the underlying statute of limitations imposed by Title VII.

Therefore, the question before the Court is whether Plaintiff's initial lawsuit tolled the statute of limitations. The "general rule" is "that a Title VII complaint that has been filed but then dismissed without prejudice does not toll the 90-day limitations period." <u>Angles</u>, 494 F. App'x at 329; <u>see also</u> <u>Quinn v. Watson</u>, 119 F. App'x 517, 518 (4th Cir. 2005) (same). "[T]he 90-day requirement is in the nature of a statute-of-limitations defense." <u>Quinn v. Copart of Connecticut, Inc.</u>, 791 F. App'x 393, 395 (4th Cir. 2019). When "a Title VII complaint that has been filed but then dismissed without prejudice does not toll the 90-day limitations period." <u>Id.</u> at 330. Therefore, "'if the suit is dismissed without prejudice, meaning that it can be refiled, then the tolling effect of the filing of the suit is wiped out and the statute of limitations is deemed to have continued running from whenever the cause of action accrued, without interruption by that filing.'" <u>Id.</u> (quoting <u>Elmore v. Henderson</u>, 227 F.3d 1009, 1011 (7th Cir. 2000)); <u>see also</u> <u>Mann v. Standard Motor Prods., Inc.</u>, 532 F. App'x 417, 418 (4th Cir. 2013) ("The ninety-day statute of limitations period for Title VII actions is not tolled because the initial action was dismissed without prejudice."); <u>Khaliq v. Draper & Goldberg, P.L.L.C.</u>, 286 F. App'x 72, 73 (4th Cir. 2008) (applying the same principle in the context of the Fair Debt Collection Practices Act in affirming the dismissal of a second complaint because it was filed outside the one-year limitations period where the first complaint was dismissed for failure to properly serve).

The Court finds that these principles are applicable to this case and, therefore, that Plaintiff's first suit did not toll the statute of limitations. Therefore, the statute of limitations has run, Plaintiff's claim is untimely, and it must be dismissed. <u>See</u> <u>Chrisp v. Univ. of N.C. at Chapel</u>

Hill, 1:20CV724, 2021 WL 135233 at *3–4 (M.D.N.C. Jan. 14, 2021) (dismissing plaintiff's second EEOC claim as untimely where first claim was dismissed without prejudice, as here).

    b. *Plaintiff Fails to State a Plausible Claim of Retaliation*

The County asserts that it terminated Plaintiff "[p]ursuant to its policy that an employee who does not return to work within 52 consecutive weeks of extended leave may be terminated," and not because Plaintiff filed an EEOC complaint 8 months earlier (Doc. No. 6 at 3, 5). Therefore, it argues that Plaintiff has failed to show a "causal link" between her termination and her complaint of discrimination. (Id. at 5–6). Plaintiff must adequately allege such a "causal link" in order to maintain a claim of retaliation. See E.E.O.C. v. Navy Fed. Credit Union, 424 F.3d 397, 405–06 (4th Cir. 2005); Lindsay v. E. Penn Mfg. Co. Inc., No. 1:18CV406, 2019 WL 1244088, at *4 (M.D.N.C. Mar. 18, 2019) ("To establish a causal link, the third element, a plaintiff must show but-for causation, or 'proof that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer.'") (quoting Univ. of Tex. Sw. Med. Ctr. v. Nassar, 570 U.S. 338, 360 (2013)).

The County argues that a significant lapse in time between Plaintiff's complaint to the EEOC and its dismissal of Plaintiff undermines any plausible causal link. "Although there is no 'bright-line rule' for temporal proximity, courts within our Circuit have found that shorter lapses of time similar to the three-month period at issue in the case before us are insufficient to infer a causal relationship without other evidence of a causal link." Roberts v. Glenn Indus. Grp., Inc., 998 F.3d 111, 127 (4th Cir. 2021) (citing Pascual v. Lowe's Home Ctrs., Inc., 193 F. App'x 229, 233 (4th Cir. 2006) (holding that three to four month gap between protected activity and adverse action "is too long to establish a causal connection by temporal proximity alone")); see also Lindsay, 2019 WL 1244088, at *4 ("In addition, the plaintiff must illustrate close temporal proximity between the 'employer's knowledge of protected activity' and the alleged retaliatory

action.") (quoting Clark Cty. Sch. Dist. v. Breeden, 532 U.S. 268, 273–74 (2001)). The County argues that the 8-month gap in this case is significantly longer than the 3-month gap which the Fourth Circuit held was too long to establish causality in Roberts. (Doc. No. 6 at 6); Roberts, 998 F.3d at 126; Clements v. Town of Sharpsburg, No. 5:18-CV-573-FL, 2019 WL 5079758, at *5 (E.D.N.C. Oct. 10, 2019) (dismissing complaint when there was 4-month gap between EEOC charge and termination); Breeden, 532 U.S. at 273 (citing cases where gaps of 3 and 4 months were insufficient to establish prima facie causation); cf. Lindsay, 2019 WL 1244088, at *5 (denying motion to dismiss when termination was one and a half months after protected activity, but noting that this "length of time is generally at the upper end of the range that courts consider close enough to demonstrate causation").

In response, Plaintiff asserts that "EEOC actively began investigation [her] retaliation claim in April 2021 and May 2021," before her June 2021 termination. (Doc. No. 9 at 1). Plaintiff argues that this "goes to show temporal proximity." (Id.). Assuming Plaintiff's assertion is true for purposes of this procedural posture, the temporal gap between the filing of her EEOC complaint and the EEOC's investigation of a claim of retaliation was still at least five or six months, still exceeding the threshold generally acknowledged by courts as too remote to state a retaliation claim. Moreover, as the County argues, the Court's inquiry considers the gap between when an employer becomes aware of an EEOC complaint (or other protected activity) and the allegedly retaliatory action. (Doc. No. 10 at 1, citing Lindsay, 2019 WL 1244088 at *4). Therefore, Plaintiff's argument is unavailing.

Plaintiff fails to assert any other facts tending to show that the County retaliated against her. Because her temporal proximity argument is unavailing and she alleges no other basis on which to rest her claim of retaliation, this claim fails as a matter of law.

### c. The Department of Social Services is not a Legal Entity Capable of Being Sued

The parties appear to agree that the Department of Social Services should be dismissed from this lawsuit. (Doc. No. 6 at 7–8) ("the Department of Social Services … is not capable of being sued and the County is the proper party"); (Doc. No. 9 at 1) ("If defendants are willing to stipulate County of Mecklenburg as the proper entity served, I will concur with the Department of Social Services to be dismissed"). In addition, as the County argues, under North Carolina law "departments of municipalities and counties are not susceptible to suit without statutory authorization" and "there is no statutory basis for suing a department of social services." Dial v. Robeson Cnty., No. 1:20CV1135, 2021 WL 4460320, at *4 (M.D.N.C. Sept. 29, 2021) (dismissing complaint against Department of Social Services). "It is for this reason that many district courts in North Carolina have dismissed claims against departments of social services." Id. (collecting cases). Therefore, the claim against the Department of Social Services will be dismissed.

### IV. CONCLUSION

For the foregoing reasons, the Court finds that Plaintiff's Complaint must be dismissed.

### ORDER

**IT IS, THEREFORE, ORDERED** that Defendants' Motion to Dismiss the Complaint, (Doc. No. 5), is **GRANTED**.

Signed: May 26, 2022

Max O. Cogburn Jr.
United States District Judge